# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARSHA STEEL,
:
    Plaintiff,　　　　　　　　　　　Case No. 3:04-cv-363

:　　　　　District Judge Walter Herbert Rice
  -vs-　　　　　　　　　　　　　Chief Magistrate Judge Michael R. Merz

FARMERS CROP INSURANCE
 ALLIANCE,
:
    Defendant.

## REPORT AND RECOMMENDATIONS

On April 4, 2005, the Court set this case for a preliminary pretrial conference for the third time, writing as follows:

> This case was set for a second time for preliminary pre-trial conference on April 4, 2005, at 8:45 a.m. to accommodate a planned arbitration of the claims involved in the case. In its Entry re-setting the conference to that date, the Court wrote "[p]rior to that conference, the parties **must** confer pursuant to Fed. R. Civ. P. 26 and file the required report of that conference."
>
> By the time of the conference, no Rule 26(f) report had been filed and Plaintiff has not furnished the Court with a telephone number at which she could be contacted. Defendant's counsel advised that Plaintiff has retained counsel, but no appearance has been entered.
>
> This case is re-set for pretrial conference at 8:45 a.m. on Monday, May 9. Unless a Rule 26(f) report is filed prior to that conference as required by Fed. R. Civ. P. 26, the case will be dismissed for want of prosecution.

An examination of the docket in this case as of the date of this entry reveals that no Rule 26(f) Report has been filed. Accordingly, the preliminary pretrial conference for May 9, 2005, is cancelled and it is respectfully recommended that this action be dismissed without prejudice for failure of Plaintiff to

1

prosecute the case in accordance with the Rules of Civil Procedure and this Court's express orders.

May 7, 2005.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).